IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Lance Ewert, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   3:17-cv-891 |
| Northland Group, LLC, f/k/a Northland Group, Inc., a Minnesota corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Lance Ewert, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendant reside here.

### PARTIES

3. Plaintiff, Lance Ewert ("Ewert"), is a citizen of the State of Wisconsin, residing in the Western District of Wisconsin, from whom Defendant attempted to collect a delinquent consumer debt, which was allegedly for a credit card.

4. Defendant, Northland Group, LLC, f/k/a Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by §

1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Northland operates a nationwide debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Wisconsin.  In fact, Defendant Northland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Northland is authorized to conduct business in the State of Wisconsin and maintains a registered agent within the State of Wisconsin, see, record from the Wisconsin Department of Financial Institutions (WDFI), attached as Exhibit A. In fact, Defendant Northland conducts business in Wisconsin.

## FACTUAL ALLEGATIONS

6. Defendant Northland sent Mr. Ewert an initial form collection letter, dated January 24, 2017, which stated:

   Creditor: Kohl's Department Store, Inc.

   Original Creditor: Capital One, N.A.

The letter then stated that "On 01/20/17 Kohl's Department Stores, Inc. authorized Northland Group, Inc. to collect this debt on their behalf".  A copy of Defendant's letter is attached as Exhibit B.

7. Defendant's letter failed to explain what, if any, the difference was between the "creditor" and the "original creditor" and which "creditor" it was representing, or whether it was representing both.  Thus, Defendant's letter failed to state effectively the name of the creditor to whom the debt is owed.  In fact, Kohl's was never the creditor on the account at issue.

8. Thereafter, Defendant sent Mr. Ewert letters dated February 23, 2017, March 25, 2017 and April 24, 2017. These letters then claimed that the creditor and original creditor were:

Creditor: Capital One, N.A.

Original Creditor: CitiCorp

RE: Kohl's Credit Card Account

Copies of these letters are attached as Group Exhibit C. In fact, CitiCorp was never the creditor on the account.

9. The identity of a consumer's current creditor is a critical piece of information, and the false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317 (7th Cir. 2016); and, Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1121 (9th Cir. 2014).

10. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's

3

first communication to a consumer, Northland had to provide Mr. Ewert with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

14. Defendant's initial form collection letter (Exhibit B) identifying "Kohl's" as the creditor and Capital One as the "original creditor", when in fact, Kohl's was never the creditor on the account at issue failed to identify effectively the current creditor to whom the debt was owed, in violation of § 1692g(a)(2) of the FDCPA, see, Janetos, 825 F.3rd at 324-325; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

15. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

17. Making a false statement as to the name of the original creditor is a materially misleading statement, which violates of § 1692e of the FDCPA, see,

4

Tourgeman, 755 F.3d at 1122.  By stating that the creditor was Kohl's in its January 24, 2017 initial form collection letter, and by also stating that CitiCorp was the original creditor in the February 23, 2017, March 25, 2017 and April 24, 2017 letters, Defendant made materially false, deceptive or misleading statement, in violation of § 1692e of the FDCPA.

18.  Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19.  Plaintiff adopts and realleges ¶¶ 1-11.

20.  Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21.  Defendant, by falsely stating that the original creditor was Kohl's in its January 24, 2017, and thereafter stating that CitiCorp was the original creditor in the February 23, 2017, March 25, 2017 and April 24, 2017, used unfair or unconscionable collection means to collect a debt, in violation of § 1692f of the FDCPA.

22.  Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

23.  Plaintiff, Lance Ewert, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Wisconsin from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Capital

One/Kohl's/CitiCorp account, via the same form collection letters (Exhibit B and any letter similar to the letters in Group Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letters violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Defendant Northland regularly engages in debt collection, using the same form collection letters it sent Plaintiff Ewert, in its attempts to collect delinquent consumer debts from other consumers.

25. The Class consists of more than 35 persons from whom Defendant Northland attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent Plaintiff Ewert.

26. Plaintiff Ewert's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28. Plaintiff Ewert will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Ewert has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lance Ewert, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Ewert as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letters violates the FDCPA;

4. Enter judgment in favor of Plaintiff Ewert and the Class, and against Defendant Northland, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lance Ewert, individually and on behalf of all others similarly situated, demands trial by jury.

Lance Ewert, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 21, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Matthew C. Lein    (Wis. Bar No. 1084028)
Lein Law Offices
P.O. Box 761
15692 Highway 63 North
Hayward, Wisconsin 54843
(715) 634-4273
(715) 634-5051 (FAX)
mlein@leinlawoffices.com